Babak Hashemi, Esq. (State Bar No. 263494)
**LAW OFFICES OF BABAK HASHEMI, ESQ.**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Tel.: (949) 464-8529
Fax: (949) 259-4584
BabakHashemiLaw@gmail.com

Attorneys for Plaintiffs
JAMES RUTHERFORD, and
THE ASSOCIATION 4 EQUAL ACCESS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS;<br><br>    Plaintiffs,<br><br>v.<br><br>BOBS BIG BOY CALIMESA, a business entity of unknown form ; YUN CHIH TSAI, an individual, and LI CHU TSAI, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | **Case  No**.<br>**Complaint For Damages And Injunctive Relief For:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.*<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq.* |

Plaintiffs, JAMES RUTHERFORD, and THE ASSOCIATION 4 EQUAL ACCESS ("Plaintiffs"), complain of Defendants, BOBS BIG BOY CALIMESA, a business entity of unknown form; YUN CHIH TSAI, an individual; and LI CHU TSAI, an individual; and DOES 1-10 ("Defendants") and alleges as follows:

# PARTIES:

1.    Plaintiff JAMES RUTHERFORD suffers from spinal stenosis aggravated by a herniated disc.  Plaintiff also suffers from an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects.  As a result of his physical impairments, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting and uses a mobility device, including when necessary, a rollator walker or wheelchair.   Plaintiff is further substantially limited in performing one or more other major life activities, including but not limited to ability to grab, twist, and turn objects such as door handles.   At the time of Plaintiff's visit(s) to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

2.    Plaintiff ASSOCIATION 4 EQUAL ACCESS ("A4EA") is an association with the purpose of providing ADA related resources and information to disabled individuals and to ensure businesses increase accessibility at their facilities.

3.    Plaintiff JAMES RUTHERFORD is a member of A4EA.

4.    Plaintiff JAMES RUTHERFORD personally visited the Defendants' facility but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' facility, even though he would be classified as a "bona fide patron." Specifically, JAMES RUTHERFORD desired to and did visit the Subject Property with complete accessibilities as a consumer, but experienced difficulty doing so due to Defendants' failure to provide access to the parking lot and access to various amenities within the facility as alleged herein.

5.    Plaintiffs are informed and believe, and based thereon allege, Defendants YUN CHIH TSAI and LI CHU TSAI, owned the Subject Property located at 540

Sandalwood Dr. Calimesa, CA 92320 ("Subject Property"), as joint tenants, in February 2018.

6.     Plaintiffs are informed and believe, and based thereon allege, Defendants YUN CHIH TSAI and LICHU TSAI, currently own the Subject Property where the BOBS BIG BOY CALIMESA ("Business") is located, as joint tenants.

7.     Plaintiffs are informed and believe and based thereon alleges, Defendant BOBS BIG BOY CALIMESA, a business entity of unknown form, owned, operated and controlled the Business, located on the Subject Property in February 2018 and continues to do so currently.

8.     Plaintiffs do not know the true names of Defendants, their business capacities, their ownership connection to the subject property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants.  Plaintiffs are informed and believe that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.  Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA").

10.    This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, the Unruh Civil Rights Act (the "UCRA"), because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

11.    Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiffs' Claims arose in this district.

## FACTUAL ALLEGATIONS

12.    On or about February 17, 2018, JAMES RUTHERFORD visited the Business located on the Subject Property to avail himself of the goods and services offered to the public.  Specifically, Plaintiff desired to and did visit the Business as a consumer, but experienced difficulty due Defendants' failure to provide accessible parking or restroom(s) for disabled persons.

13.    The Business is a facility open to the public, a place of public accommodation, and a business establishment.

14.    Parking spaces, access aisles, accessible routes and restrooms are one of the facilities, privileges and advantages reserved by Defendants to persons at the property serving the Business.

15.    Unfortunately, although parking spaces, access routes, access curb ramps and restrooms were of the facilities reserved for patrons, there were no parking spaces, access route(s) or restroom(s) available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines ("ADAAG") in February 2018.

16.    The Subject Property and Business lack accessible parking spaces with an access route at or near the entrance of the Business; furthermore, (1) the handicapped van accessible parking signage does not comply with ADASAD requirements, in violation of Section 502.6; (2) the access zone(s) next to the designated disabled parking stall(s) has cross slopes of over 10%[1]; (3) curb ramps connecting the designated access zone to the walkway project into the access aisles

---

[1] Section 502.4 allows for a maximum slope of 2%.  "Parking spaces and access aisles serving them shall comply with 302.  Access aisles shall be at the same level as the parking spaces they serve.  Changes in level are not permitted."  EXCEPTION: Slopes not steeper than 1:48 shall be permitted Access aisles shall be at the same level as the parking spaces they serve.  Changes in level are not permitted

1    in violation of Section 406.5[2].

2    17.    The Subject Property and Business also lack accessible restrooms, because

3    (1) the centerline of the water closet is approximately 20.7 inches away from the

4    nearest wall in violation of Section 604.2 which requires a maximum of 18 inches;

5    and (2) the toilet paper dispensers are blocking access to the side wall grab bar[3].

6    18.    These barriers represent unreasonable risks, including but not limited to, trip,

7    fall and/or tip-over hazards when attempting to access the Business and Subject

8    Property.

9    19.    Plaintiffs are informed and believe, and based there on allege, currently,

10   there are no compliant, accessible parking spaces, access aisles, access routes or

11   restrooms designed and reserved for persons with disabilities serving the Business.

12   20.    Plaintiffs are informed and believe, and based there on allege, Defendants

13   have no policy or plan in place to ensure that the accessible parking spaces, access

14   aisles, routes or restrooms reserved for persons with disabilities were available

15   and/or compliant prior to February 2018.

16   21.    Plaintiffs are informed and believe, and based there on allege, Defendants

17   currently have no policy or plan in place to make sure that the accessible parking

18   spaces, access aisles, ramps or restrooms reserved for persons with disabilities are

19   available and/or remain compliant.

20   22.    Plaintiff, JAMES RUTHERFORD personally encountered these barriers

21   which represent a trip, fall and/or tip-over hazards when attempting to access the

22   Business and Subject Property.  This inaccessible condition denied this Plaintiff

23   full and equal access and caused him difficulty, humiliation and frustration.

24   23.    Members of the A4EA with mobility disabilities who at times are dependent

25   upon a wheelchair or other mobility devices, have a keen interest in whether public

26   accommodations have architectural barriers that impede full accessibility to those

27   _____
     [2] Curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes,
     parking spaces, or parking access aisles.

28   [3] The space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum per Section
     609.3.

accommodations by individuals with mobility impairments.

24.    Plaintiff JAMES RUTHERFORD encountered these barriers in February 2018, and continues to be deterred from patronizing the Business, Subject Property and its accommodations; but intends to return to the Business and Subject Property for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business and Subject Property ceases evading its responsibilities under federal and state law.

25.    The aforementioned barriers continue to deter Plaintiff JAMES RUTHERFORD from use of the Subject Property and Business; will deter him and other members of the A4EA from returning to the Subject Property and Business.

26.    Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

27.    The violations identified above are easily removed without much difficulty or expense.  They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.  Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

28.    Subject to the reservation of rights to assert further violations of law after a site inspection found *infra* at paragraphs 29 and 30, Plaintiffs are informed and believe there are additional ADA violations which affect JAMES RUTHERFORD and A4EA members.

29.    Plaintiff JAMES RUTHERFORD is and has been deterred from returning and patronizing the Business and accompanying Subject Real Property because of his knowledge of the illegal barriers that exist.  Members of the A4EA will also be deterred from patronizing the Business and the accompanying Subject Property for the same reasons alleged herein.  Plaintiffs will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the business as a

customer once the barriers are removed.

30.    Given the obvious and blatant violation alleged hereinabove, Plaintiffs allege, on information and belief, that there are other violations and barriers in the site that relate to his disability.  Plaintiffs seek to have all barriers related to their disabilities remedied.  Plaintiffs will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once they conduct a site inspection.[4]

31.    Given the obvious and blatant violation alleged hereinabove, Plaintiffs allege, on information and belief, that the failure to remove these barriers was intentional because: (1)   these particular barriers are intuitive and obvious; (2) Defendants exercised control and dominion over the conditions at this location, and therefore, (3) the lack of accessible facilities was not an  accident because had the Defendants intended any other configuration, they had the means and ability to make the change.

## FIRST CLAIM

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*.

32.    Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this claim as though fully set forth herein.

33.    Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a).

34.    Discrimination is defined, inter alia, as follows:

    a.    A failure to make reasonable modifications in policies,

---

[4] However, please be on notice that the Plaintiff seeks to have all barriers related to his disability remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them)

practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. §12182(b)(2)(A)(ii).

b.    A failure to remove architectural barriers which such removal is readily achievable.  42 U.S.C. §12182(b)(2)(A)(iv).  Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

c.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities.  42 U.S.C. §12183(a)(2).

35.    Any business that provides parking spaces must provide accessible parking spaces.   1991 Standards §4.1.2(5).   2010 Standards § 208.   Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards §4.6.2.

36.    In addition to lacking accessible disabled parking, appropriate signage, access routes and failing to provide compliant restrooms to the Business; the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

37.    As set forth hereinabove, Defendants' failure to provide accessible parking and access route(s) are violations of the law.

38.    A public accommodation must maintain in operable working condition those

1  features of its facilities and equipment that are required to be readily accessible to
2  and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

3  39.    As alleged herein, the failure to ensure that accessible facilities were
4  available and ready to be used by Plaintiff(s) is a violation of law.

5  40.    Given its location and options, Plaintiffs will continue to desire to patronize
6  the Subject Business but have been and will continue to be discriminated against
7  due to lack of accessible facilities and, therefore, seek injunctive relief to remove
8  the barriers.

9  **SECOND CLAIM**

10  **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL**
11  **CODE § 51 *et seq*.**

12  41.    Plaintiffs re-allege and incorporate by reference all paragraphs alleged above
13  and each and every other paragraph in this Complaint necessary or helpful to state
14  this claim as though fully set forth herein.

15  42.    California Civil Code §51 *et seq*., the UCRA, guarantees equal access for
16  people with disabilities to the accommodations, advantages, facilities, privileges,
17  and services of all business establishments of any kind whatsoever.  Defendants are
18  systematically violating the UCRA, Civil Code §51 *et seq*.

19  43.    Because Defendants violated Plaintiffs' rights under the ADA, they also
20  violated the UCRA and are liable for damages.  (Civ. Code §51(f),52(a).)   These
21  violations are ongoing.

22  44.    Plaintiffs are informed and believe, and based thereon allege, Defendants'
23  actions constitute intentional discrimination against Plaintiffs on the basis of a
24  disability, in violation of the UCRA, Civil Code §51 *et seq*., because Defendants
25  have been previously put on actual notice that its premises is inaccessible to
26  Plaintiffs.   Despite this knowledge, Defendants maintain their premises in an
27  inaccessible form, and Defendants have failed to take actions to correct these
28  barriers.

45.    Because the violation of the UCRA resulted in difficult, discomfort or embarrassment for the individual Plaintiff, Defendants are also responsible for statutory damages, i.e. a civil penalty.  (Civ. Code § 55.56(a)-(c).)

## PRAYER

**WHEREFORE, Plaintiffs pray that this court award damages provide relief as follows:**

1.    A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Subject Business associated the Subject real Property; *Note*: **Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act at all.**

2.    An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code;

3.    An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4.    For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52;

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully request a trial by jury on all appropriate issues raised in this Complaint.

Dated: March 28, 2018          **LAW OFFICES OF BABAK HASHEMI, ESQ.**

By:  ___/s/ *Babak Hashemi*___
                Babak Hashemi, Esq.
                Attorney for Plaintiffs